RUBE FRAZIER v. THE STATE.

No. 13381.  Delivered May 28, 1930.
Rehearing denied June 25, 1930.
Reported in 29 S. W. (2d) 749.

The opinion states the case.

*T. B. Bartlett,* of Marlin, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of one hundred dollars and confinement in jail for ninety days.

Mora Munoz testified that appellant attacked him with a breast-yoke. It was undisputed that serious bodily injury was inflicted upon Munoz. According to the testimony of appellant, he did not strike Munoz until he (Munoz) attacked him and his brother.

Appellant and his brother had been jointly indicted for assault with intent to murder Munoz. It was under this indictment that appellant was tried and convicted of aggravated assault. Appellant made no request for a severance. Upon the trial Munoz testified that appellant's brother did not participate in the attack upon him. Appellant moved to dismiss the indictment against his brother or else permit him to testify in his behalf. The motion was overruled. The bill of exception (No. 1) fails to show that the brother would have given testimony favorable to appellant. The testimony the witness would have given is not set forth in the bill of exception. Hence if the court's action in declining to permit the witness to testify was error,—and this not conceded,—we are unable to determine that the error, if any, was harmful.

By bill of exception No. 2 it is disclosed that the court declined to permit appellant to ask the injured party if he had had any whiskey in his house during the last two years. It is recited in the bill of exception that appellant expected to prove by the witness that he "had drunk on the evening of the fight." In his qualification, the court refers to page 6 of the statement of facts, wherein it is shown that the witness testified, in response to questions by appellant, that he was not drunk on the occasion of the assault, and that he had not been drinking on that occasion. The opinion is expressed that the bill of exception fails to manifest error.

In response to questions by the county attorney, appellant testified that he had been convicted in Bell County of possession of intoxicating liquor for the purpose of sale. In his argument the county attorney suggested to the jury that appellant was not worthy of belief because of the fact that he had been convicted of the offense mentioned and had been pardoned in a few days after his conviction. Appellant objected to the argument, and the court overruled the objection. The argument was warranted. In passing upon appel-

lant's credibility as a witness it was proper for the jury to consider the fact that he had theretofore been convicted of a felony.

Failing to find error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—By separate indictments, Bob Frazier and Rube Frazier were charged with an assault upon Munoz. On the trial no testimony was adduced against Bob Frazier, whereupon Rube Frazier, the appellant, requested the court to dismiss the prosecution against Bob Frazier so that he might become a witness for the appellant. Ordinarily, where persons are indicted for the same offense either in a joint or separate indictment, a severance may be had under proper conditions, and if the one first tried is acquitted, his testimony becomes available to his codefendant. C. C. P., Arts. 650 and 651. The statute permits, in the event of a severance, an agreement as to the order of trial. It also permits a dismissal by the prosecution which would restore the competency of the codefendant as a witness. C. C. P., Arts. 652 and 653; Jones v. State, 85 Tex. Cr. R. 538.

Art. 654, C. C. P., reads as follows:

"When it is apparent that there is no evidence against a defendant jointly prosecuted with others, the jury shall be directed to find a verdict as to such defendant; and, if they acquit, he may be introduced as a witness in the case."

In the present instance, it does not appear that there was a joint trial; nor is the failure to apply for a severance explained. In the books are instances in which a reversal was ordered though there was neither a severance nor a joint trial, but in which on appeal it was made to appear that one who would have been otherwise competent and material to the accused as a witness was in bad faith indicted or charged with the same offense in order to deprive the accused on trial of his testimony. Such was the case of Doughty v. State, 18 Tex. Cr. App. 179, to which the appellant refers. See also Dodson v. State, 52 Tex. Cr. R. 247; Cundiff v. State, 86 Tex. Cr. R. 477; Fagan v. State, 112 Tex. Cr. R. 107; Lyles v. State, 41 Tex. Rep. 172. Nothing in the present record brings the appeal

within the purview of the principle last mentioned above. If it be assumed that in refusing to annul the prosecution against Bob Frazier the trial court was in error, this court would not be in a position to estimate the effect of the error for the reason that the testimony expected from Bob Frazier is not made known. That the refusal of the trial court to receive the testimony of a given witness cannot be intelligently reviewed on appeal when the complaint is not accompanied by information showing the nature of the testimony expected, seems obvious. Moreover, this court has uniformly declared such a bill of exception inadequate. Welch v. State, 57 Tex. Cr. R. 111; Hobbs v. State, 16 Tex. Cr. App. 521; Massey v. State, 1 Tex. Cr. App. 569; Walker v. State, 9 Tex. Cr. App. 200, and numerous other precedents collated by Mr. Branch in his Ann. Tex. P. C., p. 135, sec. 212.

The motion for rehearing is overruled.

*Overruled.*