Robert Clinton CLINE, Appellant,

v.

The STATE of Texas, Appellee.

No. 43408.

Court of Criminal Appeals of Texas.

Feb. 24, 1971.

Hurley, Sowder & Rogers, by Marvin Rogers, Lubbock, for appellant.

Blair Cherry, Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an out-of-time appeal from a conviction of the offense of escape from jail, a felony, with two prior non-capital felony convictions alleged for enhancement; the punishment, life.[1]

The sufficiency of the evidence to support the conviction is not challenged.

In the first ground of error appellant contends that he was denied the assistance of counsel at the arraignment and sentencing stages of the trial, both being in violation of his constitutionally protected right to counsel. At a habeas corpus hearing held prior to this appeal, appellant's trial counsel testified that he could not remember whether he was present with the appellant at the arraignment. He further testified that he did not think he was present at the time of the sentencing because if he had been, he would remember.

The trial of this cause was originally had on January 30, 1959. Thus, there was no requirement that the appellant be arraigned. Article 491, Vernon's Ann.C.C. P. (1925). Only after the passage of the 1965 code was an arraignment required in all cases. Article 26.01, Vernon's Ann.C. C.P. (1965). Further, there is no showing in the record that there was in fact an arraignment of this appellant prior to trial.

Appellant also contends that, pursuant to the United States Supreme Court decision of Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336, the denial of counsel at the time of his sentencing is grounds for reversal of this conviction, especially in light of Crawford v. State, Tex.Cr.App., 435 S.W.2d 148, where this Court held that Mempa, supra, was to apply retroactively. However, with this contention we cannot agree.

Under the facts of the present case, a finding of guilty by the jury to the charges alleged in the indictment creates a manda-

1. See Cline v. Beto, 5 Cir., 418 F.2d 549.

tory punishment of life in prison and especially since this is itself an out-of-time appeal. Therefore, the dangers of a sentence being predicated on misinformation were not present at the sentencing in the instant case. See Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690.

Ground of error number one is overruled.

■ Appellant's second ground of error alleges that he was denied ·a reasonable time to prepare for trial. He argues that since counsel was appointed on January 26, 1959, and the trial was held on January 30, 1959, reversible error was committed in the court's failure to grant his motion for continuance.

Under Article 494, V.A.C.C.P. (1925), as it existed at the time of trial, it was required that appointed counsel have at least one day to prepare for trial in capital cases. Article 540, V.A.C.C.P. (1925), permitted a continuance upon sufficient cause being shown. All applications for continuance on the part of a defendant were required to be in writing and sworn to by the defendant himself. Articles 540 and 545, V.A.C. C.P. (1925).

The application for continuance filed in the instant case was not signed by the appellant and therefore was not properly before the trial court for consideration.

The second ground of error is overruled.

■ In his third ground of error appellant contends that the trial court erred in overruling his motion for severance, and in failing to try other defendants who had allegedly escaped at the same time, but who were indicted separately, prior to trying the appellant.

Appellant was tried separately from his co-indictees. His motion for severance was filed on the day that his cause was tried.

In Calloway v. State, 137 Tex.Cr.R. 405, 129 S.W.2d 646, this Court held that a motion for severance filed on the day this case was set for trial would "have continued the case" contrary to Art. 651, V.A. C.C.P.

There is no showing in this record that the appellant's co-indictees had been arrested and were available for trial so as not to cause a delay, contrary to the rule stated in Miers v. State, 157 Tex.Cr.R. 572, 251 S.W.2d 404. There is no showing in this record as to what testimony appellant expected to develop from his co-indictees. Frazier v. State, 115 Tex.Cr.R. 149, 29 S.W.2d 749 is authority for the rule that absent such a showing no error is reflected.

Finally, the record does not show that appellant's co-indictees were not tried before appellant nor does it show that they had not filed motions for severance requesting that appellant be tried first. In the absence of such a showing, the failure to grant the severance and have appellant's co-indictees tried prior to appellant does not reflect reversible error. See Ralph v. State, 141 Tex.Cr.R. 371, 148 S.W.2d 401.

Also, it was not shown that appellant's co-indictees could agree among themselves as to the order of trial. When co-defendants could not agree under the 1925 code, it became the duty of the court to order the trial to proceed as his judgment might dictate. Alford v. State, 143 Tex.Cr.R. 57, 157 S.W.2d 391.

Ground of error number three is without merit.

■ Appellant's fourth and fifth grounds of error allege that the trial court should not have overruled his motion to quash the indictment. It is contended that the indictment fails to accuse appellant of any act or omission which by law is declared to be an offense, and because the indictment joins two distinct offenses in the same count.

The pertinent part of the indictment is as follows:

"In the name and by authority of the State of Texas:

"The Grand Jurors, duly selected, organized, sworn and impaneled as such

for the County of Lubbock, State of Texas, at the January Term, A.D.1959 of the District Court of the 140th Judicial District for said County and State, a *quorum* thereof being present, upon their oaths present in and to said Court:

"1. That on or about the 30th day of November, A.D., 1958, and anterior to the presentment of this indictment, in the County and State aforesaid, ROBERT CLINTON CLINE hereinafter called Defendant, while prisoner legally confined in the County Jail of Lubbock County, Texas, upon accusation of a felony offense under the Penal Statutes of the State of Texas, did then and there unlawfully escape from confinement in the said County Jail in Lubbock County, Texas, and while making such escape from said jail, Defendant and JACK HENRY, JR., M. L. RUMAGE, and KENNETH LASSMAN, acting together, did then and there commit an assault and battery upon the person of JOHN TODD, causing personal injury to the said JOHN TODD, who was then and there the jailer on duty at said jail at the time of such escape. * * * "

Article 353a, Vernon's Ann.P.C. provides:

"Whenever any person legally confined in any jail, upon accusation or conviction of a felony, shall in any manner attempt to escape from such jail, or actually escape therefrom, and while making such attempt shall injure any person, shall be deemed guilty of a felony, and upon conviction, he shall be imprisoned in the State penitentiary not less than two nor more than five years."

We find that this indictment is in substantially the same language as Sec. 397, Willson's Criminal Forms, 7th Ed. and is sufficient. Further, appellant's complaint that it was error to allege the assault and battery is without merit. The assault and battery were properly alleged in the indictment to show the manner in which the escape was effectuated and was within the statute.

Grounds of error number four and five are overruled.

In his sixth ground of error appellant contends that the trial court erred in overruling appellant's initial motion in the presence of the jury to have the handcuffs taken off appellant because such denial of said motion was highly prejudicial and deprived the appellant of his right to a fair trial.

Appellant has failed to show any evidence of injury or prejudice to him. Ramirez v. State, Tex.Cr.App., 383 S.W.2d 606, and Xanthull v. State, Tex.Cr.App., 403 S.W.2d 807. Furthermore, the court allowed the appellant's handcuffs to be removed and it does not affirmatively appear from the record that the appellant was actually brought in front of the jury with handcuffs on. In the absence of such a positive showing, it is presumed that it either did not occur at all, or if so, only in such a way as was necessary and proper under the circumstances, though in general a prisoner should not be carried into or out of court in the presence of the jury manacled, handcuffed, or chained. Zunago v. State, 63 Tex.Cr.R. 58, 138 S.W. 713.

Ground of error number six is overruled.

Grounds of error seven and eight complain of statements made by the trial judge which appellant feels were prejudicial and which amounted to comments on the weight of the evidence. We have examined these statements and perceive no error. Further, any error which may have existed was cured by the court's instruction to the jury that they were not to consider any statements of the court. Estrada v. State, Tex.Cr.App., 422 S.W.2d 453, and

Riley v. State, Tex.Cr.App., 406 S.W.2d 438.

The seventh and eighth grounds of error are overruled.

The judgment is affirmed.

DOUGLAS, J., not participating.