Nylie Austin VICTORIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 49860.

Court of Criminal Appeals of Texas.

May 21, 1975.

Carver & Carver, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for robbery with a firearm; the jury assessed punishment of imprisonment for thirteen years.

In his second ground of error the appellant has presented the principal question in this appeal. It is whether a witness who has waived her constitutional privilege against self-incrimination when testifying at the trial of one co-defendant may be compelled to testify to the same matters at a later trial of another co-defendant or may she invoke the privilege against self-incrimination and refuse to testify at the second trial. The appellant and Dora Lartigue, jointly indicted, and Donald Ray Roberson, in a separate indictment, were charged with committing a robbery with a firearm at a liquor store. Roberson was tried first; his appeal from a conviction for this offense was affirmed. See Roberson v. State, 513 S.W.2d 572 (Tex.Cr.App. 1974). In the Roberson case, without granting her immunity the state called Dora Lartigue as a witness; she waived her privilege against self-incrimination and testified. Later in the appellant's trial he called Lartigue as a witness and attempted to obtain her testimony concerning the same matters to which she testified at Roberson's trial. Lartigue was permitted to invoke her privilege against self-incrimination as provided by the Fifth Amendment to the Constitution of the United States, and she refused to testify. The court refused to compel her to testify, and for the purposes of his bill of exception the appellant offered a transcription of Lartigue's testimony at Roberson's trial.

It should also be noted that the prosecutor immediately before appellant's trial moved for severance of the prosecutions between the appellant and Lartigue indicating that he intended to dismiss the charges against Lartigue at a later time. A notation on the docket sheet in this record shows that a year after the appellant's trial the prosecution against Lartigue was placed on the "inactive docket" for a period of six years. Lartigue was serving a probated sentence in another case to be completed in six years.

Lartigue had testified at Roberson's trial that the appellant had entered the liquor store prior to the robbery to purchase her some "soda water" and that he had not entered the liquor store to "case it" for Roberson and the other two men and that the appellant did not come back to the automobile and report how many people were in the liquor store. This evidence was corroborative of the appellant's testimony, and it corroborated his denial of the truth of an officer's testimony concerning a statement the officer said appellant made at the time of his arrest.

The state relies on Davis v. State, 501 S.W.2d 629 (Tex.Cr.App.1973) where it was said:

"Ordinarily, by testifying at a preliminary hearing, at an inquest, before a grand jury or at a previous trial one does not waive his right to claim the privilege against self-incrimination at a later trial."

The appellant cites us to cases such as United States v. Hoffman, 385 F.2d 501 (7th Cir. 1967), and Franco v. State, 491 S.W.2d 890 (Tex.Cr.App.1973), which hold it error for a trial court to refuse to compel a witness to testify after that witness had already been convicted of the offense about which he was to testify and was no longer subject to criminal prosecution; clearly this case is distinguishable. Here the witness had been indicted for the same robbery but not yet tried, and she was also on probation from an earlier unrelated conviction.

■ Although Davis v. State, supra, is the only case from this jurisdiction concerned with this question, the weight of authority from other jurisdictions also holds that voluntary testimony before a grand jury, at a prior trial or official proceeding, or other disclosure of the incriminating facts does not waive the right not to be compelled to be a witness against oneself at a later trial or other proceeding. United States v. Wilcox, 450 F.2d 1131 (5th Cir. 1971); Ottomano v. United States, 468 F.2d 269 (1st Cir. 1972); United States v. Burch, 490 F.2d 1300 (8th Cir. 1974); In re Neff, 206 F.2d 149 (3rd Cir. 1953); United States v. Miranti, 253 F.2d 135 (2nd Cir. 1958); State v. Solomon, 5 Wash.App. 412, 487 P.2d 643 (1971); Commonwealth v. Fisher, 398 Pa. 237, 157 A.2d 207 (1960); Hummell v. Superior Court, 211 A.2d 272 (R.I.1965); Salem v. State, 305 So.2d 23 (Fla.App.1974); Mallin v. Mallin, 227 Ga. 833, 183 S.E.2d 377 (1971); People v. Walker, 28 Ill.2d 585, 192 N.E.2d 819 (1963); and 8 Wigmore, Evidence, § 2276.

■ To the contrary are cases such as Ellis v. United States, 135 U.S.App.D.C. 35, 416 F.2d 791 (1969), and In re DeSaulnier, 276 N.E.2d 278 (Mass.1971), which have held that under certain circumstances a witness may be compelled to testify to possibly incriminating facts if at an earlier proceeding the witness knowingly and intelligently waived his privilege against self-incrimination and testified to those same facts. However, both *Ellis* and *DeSaulnier* involved prosecution witnesses who had testified before grand juries and then refused to testify at the trials on the indictments returned. Here, Lartigue was a prosecution witness at the first trial but was called by the appellant at his trial. She would have been subject to cross-examination by a different adversary with a different purpose, and factors other than those she and her counsel had considered when waiving the privilege at the first trial could have been introduced.

The facts in United States v. Wilcox supra, are similar. There the witness had testified at the first trial of the defendant but, after the conviction was reversed and remanded, refused to testify for the defendant at the second trial. The Court said there, in affirming the defendant's reconviction, that the trial court did not err in refusing to compel the witness to testify and that:

"Although one might conclude that there was a 'waiver' as to the exact words stated on the first trial, this does not eliminate the problem. For taking the stand would give the witness little control over the scope or content of examination—direct or cross. And in the circumstances of this case and the witness' life of crime, taking the stand would expose him to perils when new or different words came out." 450 F.2d at pp. 1141–1142.

The ground of error is overruled.

■ In his first ground of error appellant claims that the trial court erred in invoking the privilege against self-incrimina-

tion for Lartigue and in allowing the attorney for Lartigue to claim her privilege against self-incrimination for her. He cites Ex parte Miers, 124 Tex.Cr.R. 592, 64 S.W.2d 778 (1933), Campbell v. State, 172 Tex.Cr.R. 431, 358 S.W.2d 376 (1962), and Cherb v. State, 472 S.W.2d 273 (Tex. Cr.App.1971) as authority for the proposition that the privilege against self-incrimination is an individual right and may not be asserted by anyone other than the witness. However, the cases cited to us involve situations where a defendant was attempting to assert the privilege for a witness who was to testify against him. The record here clearly reflects that Lartigue claimed the privilege for herself and through her attorney. Since the privilege was clearly asserted by the witness herself we perceive no error. The appellant did not have the right to interrogate the witness before the jury and have her invoke the privilege when each question was asked. See Rodriguez v. State, 513 S.W.2d 594 (Tex.Cr.App.1974); Glasper v. State, 486 S.W.2d 350 (Tex.Cr.App.1972).

The ground of error is overruled.

In his third ground of error the appellant asserts that the trial court erred in refusing to admit in evidence before the jury the reported testimony of the witness Lartigue given at the previous trial, since Lartigue by invoking her privilege against self-incrimination was unavailable to him as a witness. The appellant offered the prior testimony for the record and it was admitted for his bill of exception. In his brief the appellant has cited the pages of the transcription of the court reporter's notes in which he claims the request was made that the court reporter be called and be allowed to read the previous testimony. We have searched the record carefully and can find no place where a request was made to present the prior testimony to the jury. In the absence of such a request nothing was preserved for review. Furthermore, the appellant did not and it is doubtful that he could in these circum-

stances lay a complete predicate for the introduction of the prior reported testimony of Lartigue.

The ground of error is overruled.

The appellant, in his fourth ground of error, claims the trial court committed error by not requiring the state to dismiss the indictment and prosecution against Lartigue. Lartigue and the appellant were jointly indicted but the prosecutor moved for and was granted a severance because the indictment was "probably going to have to dismiss the case against her." The appellant claims on appeal that:

" . . . [i]f the State had proceeded with its purported claim of dismissal, which was made the basis of their severance, then Dora Lartigue would have been available as a witness for your appellant, and we would have been able to corroborate appellant's testimony . . . "

The indictment pending against Lartigue did not make her unavailable as a witness for appellant. See Articles 38.10, 38.06, and 38.11, Vernon's Ann.C.C.P. A dismissal of an indictment does not necessarily bar further prosecution, Ochoa v. State, 492 S.W.2d 576 (Tex.Cr.App.1973); therefore, her testimony would have been as likely to be incriminating after dismissal as before. A dismissal of Lartigue's indictment would not have aided the appellant; if Lartigue wanted to invoke the privilege against self-incrimination, she could do so whether or not an indictment was pending.

In the fifth ground of error the appellant complains that "[t]he trial court erred in admitting into evidence Detective Amy's testimony after a conversation with Dora Lartigue [a] warrant [was] issued for the arrest of Nylie Austin Victoria, Jr., for the reason that the said testimony was hearsay . . . and denied him the right to be confronted with the witness against him."

In support of this ground of error the appellant directs our attention to the por-

tion of the record which we quote as follows:

"[MR. GIST]:

"Q. And did you transport either one of those two to the police station?

"A. I don't recall.

"Q. With reference to Dora Lartigue, did you see her at the police station?

"A. Yes, sir.

"Q. Did you talk with her at that time?

"A. Yes, sir.

"Q. About how long after the arrest was it that you had conversation with Dora Lartigue, to your best estimate?

"A. Within thirty minutes.

"Q. All right. After that conversation, Detective Amy,—let me back up one step—was a magistrate called to the police station anytime around this three or three-thirty?

"A. Yes, sir.

"Q. Who was that, do you recall?

"A. I think it was Judge Doucette.

"Q. All right. And after talking with Dora Lartigue, did Judge Doucette issue warrants of arrest for anybody?

"A. Yes, sir.

"MR. CARVER: Your Honor, I object to it. It's all based on hearsay evidence, what Dora Lartigue—

"MR. GIST: I'm not asking any hearsay questions, Your Honor.

"MR. CARVER: He's asking what he did.

"THE COURT: Well, if he knows of a transaction of his own personal knowledge he may testify. He may

not testify as to what he thinks happened or anything of that sort.

"MR. CARVER: Yes, but he's testifying to what he based upon hearsay evidence.

"THE COURT: No—overruled."

Officer Amy did not testify as to what Dora Lartigue told him or the magistrate that led to the issuance of the warrant. Thus, no hearsay was introduced before the jury. Probable cause for the issuance of a warrant may be established by hearsay evidence in an ex parte proceeding. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).

No error is shown and this ground of error is overruled.

■ In his sixth ground of error the appellant complains that the state did not indict Lartigue in good faith but merely for the purpose of depriving the appellant of her testimony. He cites Everett v. State, 122 Tex.Cr.R. 626, 57 S.W.2d 140 (1933), Frazier v. State, 115 Tex.Cr.R. 149, 29 S. W.2d 749 (Tex.Cr.App.1930), and Fagan v. State, 112 Tex.Cr.R. 167, 14 S.W.2d 838 (1929), for the principle that the state may not indict a witness in bad faith to prevent his testifying for the defendant. However, as the state's brief points out, those cases were decided under Article 711, V.A.C.C.P. (1925), which prohibited principals, accomplices, or accessories from being witnesses for one another. In 1965, Article 711 was repealed and replaced by Article 38.06, V. A.C.C.P. Principals, accomplices and accessories may now be witnesses for one another. See also Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), and Article 82, V.A.P.C. (1925). The appellant could and did call Lartigue to testify; however, she claimed her personal privilege against self-incrimination. Her testimony, if incriminating, would

have been so whether she was under indictment or not. See discussion, supra, under ground of error four.

The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.