**646**

Michael Reese BURLESON, Appellant,

v.

The STATE of Texas, State.

No. 2–82–020–CR.

Court of Appeals of Texas,
Fort Worth.

Feb. 16, 1983.

John P. White, Jr., Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Don Hase, Fort Worth, for the State.

Before FENDER, C.J., and BURDOCK and ASHWORTH, JJ.

OPINION

BURDOCK, Justice.

This is an appeal from a conviction of aggravated robbery with a deadly weapon. The jury assessed punishment at fifty-one years confinement in the Texas Department of Corrections.

We affirm.

Appellant, Michael Reese Burleson presents two grounds of error which will be addressed together since they generally address the ground of error. Burleson asserts that the trial court erred in denying him a new trial because he was viewed handcuffed and shackled by members of the jury panel. The general rule is that a prisoner should not be carried into or out of court in the presence of the jury while manacled, handcuffed or chained. *Cline v. State*, 463 S.W.2d 441 (Tex.Cr.App.1971). However, cases where an accused is inadvertently seen by jurors under physical restraints for short periods of time are extremely common and such exposures have not necessarily called for reversal in absence of some showing of prejudice suffered. Compare *Gammage v. State*, 630 S.W.2d 309 (Tex. App.—San Antonio 1982). A brief and fortuitous encounter of the defendant in handcuffs by jurors is not prejudicial and requires an affirmative showing of prejudice by the defendant. *Wright v. State of Tex.*, 533 F.2d 185 (5th Cir.1976).

In the present case, the record establishes that after the appellant requested a mistrial the trial judge made certain findings of fact unsubstantiated by any testimony but not objected to by Burleson at trial. Among others, they included the fact that the normal elevators prisoners ride in were out of order thus making it necessary for the prisoner to use the public elevators, that it was unintentional that the jury happened to see the defendant in handcuffs

and shackles, and that prisoners when brought out in this manner are required by the Sheriff in this county to be handcuffed and shackled.

The court further stated it was willing, at Burleson's request, to instruct the jury not to consider the handcuffs and shackles for any purpose. Burleson's attorney then requested the court question each juror as to whether or not they had observed Burleson just prior to trial, and if they did, to individually inform them not to consider the handcuffs and shackles for any purpose. The court, after questioning each juror individually, found that only two jurors had definitely seen Burleson come from the public elevators in handcuffs and shackles, gave the above instruction and asked if the juror's involved understood the instruction, which they said they did. Burleson's counsel in one instance and the court in another then asked the jurors involved whether the fact that Burleson was in handcuffs and leg irons would cause them to think he was probably guilty. Both jurors answered negatively. Burleson has not shown any prejudice.

We hold that in light of the testimony of the jurors and the instruction to those jurors the alleged error is rendered harmless. The trial court did not abuse its discretion in refusing Burleson's motion for new trial. Both grounds of error are overruled.

The judgment is affirmed.