# NO. 12-15-00267-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSEPH NEAL JONES,* <br> *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joseph Neal Jones appeals his conviction for aggravated robbery. He presents four issues on appeal. We affirm.

## BACKGROUND

On the evening of September 11, 2014, Stanley Williams and some of his friends went from Mineola to Tyler. Williams went to a house to meet Tonya Phillips to smoke marijuana. After they smoked, Phillips tased Williams. Then someone held a gun to Williams's head, took money from his wallet, and attempted to bind him with duct tape. Williams broke free and struck the other person. The gun fell to the ground, and Phillips picked it up and shot Williams in the leg. Williams managed to escape, and his friends, who were waiting in a car in the driveway, took him to a nearby hospital for treatment.

Appellant was interviewed by police following the incident. After the police interviewed Williams and other witnesses and gathered evidence from the scene, they arrested Appellant. He was indicted for the offense of aggravated robbery, and the cause proceeded to a jury trial. The jury found Appellant guilty as charged and assessed punishment at imprisonment for thirty years and a $10,000 fine. This appeal followed.

In his first issue, Appellant contends the evidence is legally insufficient to support his conviction. Specifically, he contends that the evidence does not support the jury's determination that he was the person who robbed Williams.

**Standard of Review**

In Texas, the *Jackson v. Virginia* legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the state is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *Jackson v. Virginia*, 443 U.S. 307, 316-17, 99 S. Ct. 2781, 2786-87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact would have found the essential elements of the offense beyond a reasonable doubt. *See id.*, 443 U.S. at 320, 99 S. Ct. at 2789. The evidence is examined in the light most favorable to the verdict. *Id.* A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See Tibbs v. Florida*, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also Brooks*, 323 S.W.3d at 899. Instead, we defer to the fact finder's resolution of conflicting evidence unless the resolution is not rational. *See Brooks*, 323 S.W.3d at 899-900. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime charged. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict

the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id.*

**Applicable Law and Analysis**

As applicable here, a person commits aggravated robbery if, in the course of committing theft and with the intent to obtain or maintain control of property, he intentionally, knowingly, or recklessly causes bodily injury to another and uses or exhibits a deadly weapon. TEX. PENAL CODE ANN. §§ 29.02, 29.03(a)(2) (West 2011). A "deadly weapon" is defined as a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury. *Id.* § 1.07(17)(A) (West Supp. 2015). Appellant does not argue that the evidence is insufficient to demonstrate that an aggravated robbery was committed. Instead, he contends there is insufficient evidence connecting him to the crime.

Appellant points out that Williams previously identified his assailant as a man named "D' Bo" and that a mixture of DNA was found on Williams's shirt and Appellant could not be identified as one of the contributors. He further notes that although Williams identified Appellant from a photo lineup, Williams stated that he was only forty-five percent certain that he identified the right person. And at trial, Williams could not identify Appellant. Therefore, Appellant argues that the State did not prove beyond a reasonable doubt that he was the perpetrator.

At trial, Williams testified that he did not know the man who attacked him. He further testified that it was dark when he was attacked, which meant he did not get a good look as his assailant. However, the evidence shows that Appellant matched Williams's description of his assailant as a tall, dark-skinned man with tattoos on his arms, and a goatee. In addition, the record shows that Williams had never met Appellant but picked him from a photo lineup. Williams explained that he told the officers his assailant was named "D' Bo" because that is who Phillips said was on the way. He testified that he never met "D' Bo." The evidence further demonstrates that Williams's blood was on the shirt Appellant was wearing when he was interviewed by police the day of the robbery. In addition, Appellant's cell phone contained text messages from Phillips that indicated they were planning to rob Williams.

It is within the province of the jury to determine which of the evidence to credit and which to reject. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). From the testimony and other evidence introduced at trial, the jury could have found that Appellant was

Williams's assailant. Therefore, after viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found, beyond a reasonable doubt, that Appellant committed the offense of aggravated robbery. *See* TEX. PENAL CODE ANN. §§ 29.02, 29.03(a)(2).

The evidence is legally sufficient to support the jury's finding of guilt. Accordingly, Appellant's first issue is overruled.

## DENIAL OF MOTIONS FOR MISTRIAL

In his second and third issues, Appellant complains that the trial court abused its discretion when it denied his motions for mistrial.

### Standard of Review

A trial court's denial of a motion for mistrial is reviewed under an abuse of discretion standard. ***Ladd v. State***, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Mistrial is the appropriate remedy when an error is so prejudicial that expenditure of further time and expense on a trial would be futile. ***Id***. It is a remedy intended for extreme circumstances, when prejudice is incurable and less drastic alternatives have been explored. ***Ocon v. State***, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009).

### Juror Observing Appellant in Custody

In his second issue, Appellant complains of the trial court's denial of his motion for mistrial after a juror observed him in custody. He admits that in most cases, the analysis relates to a defendant's wearing some type of visible restraint during trial. He asserts, however, that the general rule prohibits carrying a prisoner into or out of court in the presence of the jury while restrained.

Generally, a prisoner should not be taken into or out of court in the presence of the jury while he is manacled, handcuffed, or chained. ***Cline v. State***, 463 S.W.2d 441, 444 (Tex. Crim. App. 1971). When a jury views a defendant in handcuffs or shackles, his presumption of innocence is infringed. ***Cooks v. State***, 844 S.W.2d 697, 722 (Tex. Crim. App. 1992). However, it is common for an accused to be inadvertently seen by jurors for short periods of time while he is under physical restraints. ***Burleson v. State***, 646 S.W.2d 646, 646 (Tex. App.—Fort Worth 1983, no pet.). A juror's brief and fortuitous encounter of the defendant in handcuffs is not prejudicial and requires an affirmative showing of prejudice by the defendant. *See **id***.

4

In this case, neither handcuffs nor shackles were used to restrain Appellant. Instead, Appellant was secured at all times during the trial by an ankle monitor that was covered by his pant leg. This made him appear unrestrained. During one of the breaks in the trial, three deputy sheriffs escorted Appellant to the restroom in the court's chambers. The deputies walked with Appellant but did not visibly restrain him or touch him. As Appellant walked through the court's chambers, one of the jurors walked down the hallway past a window through which he could see inside the chambers. Appellant told the deputies that there was someone in the hallway, and the deputies cleared the hallway before allowing Appellant to continue to the restroom. Deputy Mass, the bailiff, testified that the juror had his head down and was texting on his cell phone. The deputy further testified that she did not see Appellant and the juror make eye contact. However, she was not sure whether she would have been able to see it from where she was standing.

Appellant testified that he made eye contact with the juror for three seconds at most. He testified further that the window allowed the jury to view him only from the chest up. Therefore, even if the juror recognized Appellant and the ankle monitor had been uncovered, the juror could not have detected that Appellant was wearing it. Furthermore, the juror did not testify. As a result, the record does not show that the juror was aware that Appellant was restrained when he saw Appellant through the window. And there is no evidence that the juror discussed whatever he saw with the other jurors or that it affected his decision on guilt. *See Clark v. State*, 717 S.W.2d 910, 919 (Tex. Crim. App. 1986). Therefore, Appellant has failed to demonstrate he was prejudiced by the juror's seeing him in custody. *See Davis v. State*, No. 12-05-00184-CR, 2006 WL 1791654, at *2 (Tex. App.—Tyler June 30, 2006, no pet.); *Holt v. State*, 899 S.W.2d 22, 25 (Tex. App.—Tyler 1995, no pet.). The trial court did not abuse its discretion in denying the motion for mistrial based on the ground that a juror observed him while he was in custody. Appellant's second issue is overruled.

## Juror Speaking with Witness

In his third issue, Appellant argues the trial court should have granted his motion for mistrial because a juror spoke with a witness. No person may converse with a juror about the case on trial except in the presence and by permission of the trial court. TEX. CODE CRIM. PROC. ANN. art. 36.22 (West 2006). The purpose of article 36.22 is to prevent an outsider from saying something that might influence a juror. *Ites v. State*, 923 S.W.2d 675, 677 (Tex. App.—Houston

5

[1st Dist.] 1996, pet. ref'd). The defendant has the burden to establish that the discussion between a juror and another person involved matters concerning the specific case at trial. *Chambliss v. State*, 647 S.W.2d 257, 266 (Tex. Crim. App. 1983).

The trial court instructed the jurors not to have any contact with any of the witnesses except for "casual greetings." Appellant's attorney was informed by Appellant's mother that a juror approached Detective Dennis Mathews in the hallway after he finished testifying. Appellant's counsel informed the court that the juror thanked the detective for his service, Detective Mathews said "thank you," the two shook hands, and the juror walked away. Detective Mathews testified that a juror walked by him and said "thank you for your service." He further testified that he said "thank you" in return and walked away from the juror. Detective Mathews did not recall shaking the juror's hand.

The record shows that the conversation between Detective Mathews and the juror did not concern the specific case at trial. *See id.* Therefore, the trial court did not abuse its discretion in denying the motion for mistrial on the ground that a juror spoke with a witness. Appellant's third issue is overruled.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his fourth issue, Appellant contends he received ineffective assistance of counsel when his trial counsel abandoned his motion to suppress evidence.

**Governing Law**

In reviewing an ineffective assistance of counsel claim, we apply the United States Supreme Court's two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). To prevail on an ineffective assistance of counsel claim, an appellant must show that (1) trial counsel's representation was deficient and that (2) the deficient performance prejudiced the defense to the extent that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. An appellant must prove both prongs of *Strickland* by a preponderance of the evidence. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2002). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an appellant's ineffectiveness claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To establish deficient performance, an appellant must show that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687–88, 104 S. Ct. at 2064–65. "This requires showing that [trial] counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, 466 U.S. at 687, 104 S. Ct. at 2064. To establish prejudice, an appellant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.*, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When it is easier for a reviewing court to dispose of an ineffective assistance of counsel on the ground of lack of sufficient prejudice without determining whether counsel's performance was deficient, the court should follow that course. *Id.*, 466 U.S. at 697, 104 S. Ct. 2069.

Review of trial counsel's representation is highly deferential. *See id.*, 466 U.S. at 689, 104 S. Ct. at 2065. In our review, we indulge a strong presumption that trial counsel's actions fell within a wide range of reasonable and professional assistance. *Id.* It is the appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *See Thompson*, 9 S.W.3d at 813 (citation omitted). When, as here, no record specifically focusing on trial counsel's conduct was developed at a hearing on a motion for new trial, it is extremely difficult to show that counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814. Absent an opportunity for trial counsel to explain the conduct in question, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citation omitted).

## Evaluation of Trial Counsel's Representation

Following voir dire, Appellant's trial counsel told the trial court that he wished to consult with his client about whether to proceed with his motion to suppress. The previously filed motion concerned evidence allegedly obtained by improper searches, and trial counsel had just

reviewed additional warrants with the prosecution. The next morning, without explanation and prior to the presentation of evidence, trial counsel withdrew the motion to suppress.

The record is silent regarding trial counsel's reasons for not proceeding with the motion to suppress. Thus, we must presume counsel made all significant decisions in the exercise of professional judgment. ***Jackson v. State***, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *see **Robinson v. State***, 22 S.W.3d 631, 636-37 (Tex. App.—Waco 2000, pet. ref'd) (holding, on face of silent record, that defendant failed to establish deficient performance based on failure to present motion to suppress evidence seized during allegedly illegal traffic stop when, given facts surrounding stop, it was possible counsel determined motion would have been frivolous).

Because the record is silent, Appellant has failed to rebut the presumption that trial counsel's actions were based upon a reasonable decision. *See **Perez v. State***, 56 S.W.3d 727, 731-32 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Therefore, Appellant has not satisfied the first prong of ***Strickland***. Appellant's fourth issue is overruled.

## DISPOSITION

Having overruled Appellant's first, second, third, and fourth issues, we ***affirm*** the judgment of the trial court.

BRIAN HOYLE
Justice

Opinion delivered August 17, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 17, 2016**

**NO. 12-15-00267-CR**

**JOSEPH NEAL JONES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1384-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*