Gregory WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 6–87–098–CR.

Court of Appeals of Texas,
Texarkana.

Sept. 13, 1988.

Rehearing Denied Oct. 11, 1988.

Troy McKinney, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

GRANT, Justice.

Gregory Williams appeals his conviction of the offense of burglary of a motor vehicle. He was also found to have had two prior felony convictions, which enhanced his punishment, and he was assessed fifty years' confinement in the Texas Department of Corrections.

Williams brings ten points of error contending that the evidence was insufficient to support his conviction, that the trial court erred in admitting three portions of police officers' testimony, that the trial court erred in failing to grant a mistrial because of nonresponsive, inflammatory answers by police officers, and that the trial court erred in permitting a police officer to testify from his report over Williams' objection that this was a denial of his right to confrontation.

On July 30, 1987, Williams and Lonnie House were arrested for burglary of a motor vehicle. A police officer caught House in the act of breaking into a car, and House pled guilty to the offense of burglary of a motor vehicle. Williams was with House prior to the break-in, but he denied any involvement with the commission of the offense.

Williams first contends that the evidence is insufficient to show that either he or House had the criminal intent necessary to support a finding of guilt for their respective crimes.

The standard of review for determining whether the evidence is sufficient to support a conviction for the charged offense is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *McGoldrick v. State*, 682 S.W.2d 573 (Tex.Crim.App.1985). The standard is the same in both direct and circumstantial evidence cases, and in making a review, this Court should look at all the evidence in the light most favorable to the verdict.

*Houston v. State*, 663 S.W.2d 455 (Tex. Crim.App.1984).

A person commits the offense of burglary of a motor vehicle if he (1) without consent (2) breaks into or enters a vehicle (3) with intent to commit any felony or theft. Tex.Penal Code Ann. § 30.04 (Vernon 1974). The State sought a conviction under the theory of parties and criminal responsibility pursuant to Tex.Penal Code Ann. §§ 7.01–7.03 (Vernon 1974). These sections of the Penal Code provide that a person is criminally responsible for an offense committed by another person if, while acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person in the commission of the offense. Intent may be inferred from the acts, words and conduct of the accused. *Dues v. State*, 634 S.W.2d 304 (Tex.Crim.App.1982).

In our examination for evidentiary sufficiency, mere presence at the commission of the offense is normally insufficient standing alone to prove that an accused is a party, but is one of the factors that may be considered to show that an accused was a participant in the offense. *Eastman v. State*, 636 S.W.2d 272 (Tex. App.–Amarillo 1982, pet. ref'd). The court may examine the events before, during and after the commission of the offense to aid in determining if an accused is a party. *Tarpley v. State*, 565 S.W.2d 525, 529 (Tex. Crim.App.1978); *Coronado v. State*, 508 S.W.2d 373 (Tex.Crim.App.1974).

Police Officer Whitworth testified that he and his partner followed Williams and House for about two miles through several parking lots and watched them crisscross from one car to another looking into the cars. Whitworth further testified that Williams stopped at the rear of the burgled car, constantly looking up and down the street and sidewalks in a paranoid fashion while House broke into the car. The officers immediately arrested them both. Whitworth also testified that Williams gave them a false name, that he carried a pair of vise grip pliers, and that such pliers are

commonly employed by car thieves to pull the ignition of vehicles.

On Williams' behalf, House testified that he had broken into the car and had pled guilty to burglary of a motor vehicle. He also testified that Williams did not know that he was planning to break into the car.

■ Williams now argues that this evidence is insufficient as a matter of law to support the required finding that the principal offense had been committed. It is not permissible to show at trial that another who was indicted for the same offense has been convicted or acquitted. *Miller v. State*, 741 S.W.2d 382 (Tex.Crim.App.1987). However, in a prosecution based on the theory that the accused was a party to the underlying criminal act, the State is required to prove the guilt of the named principal, thus evidence that the principal has been convicted of the underlying crime is admissible. *Ex parte Smith*, 513 S.W.2d 839 (Tex.Crim.App.1974); *Tucker v. State*, 461 S.W.2d 630 (Tex.Crim.App.1970), *cert. denied*, 403 U.S. 919, 91 S.Ct. 2230, 29 L.Ed.2d 696 (1971).

■ Utilizing the standards cited above, this testimony provides sufficient evidence for a rational trier of fact to find the essential elements of the underlying crime, and that Williams was a party to its commission.

Williams next contends that the trial court committed reversible error in admitting three portions of testimony by police officers over his timely objection.

■ Police Officer Doyle was called as a witness by the defense. On cross-examination he testified over a hearsay objection that an unidentified informant had told him that House and Williams were planning to "get" a car in a particular area. On direct examination, defendant's counsel had asked the officer if someone had told him that these particular suspects were "allegedly breaking into the vehicles and stuff." Doyle replied that a confidential informant had supplied this information. A review of both portions of the testimony reveals that the answers made on cross-examination by the State were merely a reiteration of the statements previously made in response to questions asked by defense counsel. The only additional information elicited by the State's examination was the exact location at which the burglary was to take place. When counsel questions a witness on a particular topic the opposing side has the right to fully develop that testimony. *Hart v. State*, 447 S.W.2d 944, 950 (Tex.Crim. App.1969). We find no error in the admission of this testimony.

Williams next contends that the trial court had previously improperly admitted the hearsay testimony of Officer Whitworth concerning the informant's statements.[1]

---

1. Officer Whitworth testified as follows:
   Q Did you receive information containing any burglaries of motor vehicles in that area?
   A Yes, we did.
   Q What information did you receive?
   MR. THORNTON: Your Honor, I have to object to his question. I want to reurge my motion in limine. This question calls for hearsay information that this officer doesn't have privy to.
   MR. LEE: I am trying to establish probable cause.
   THE COURT: Well, let's hear the answer. He understands hearsay. I am presuming he does. Go ahead. What is the question again?
   MR. THORNTON: Is that denied, Your Honor, the hearsay?
   THE COURT: I overrule your objection. I don't know what the answer is going to be.
   Q (By Ms. Lee) Did you receive information concerning burglaries in that Allen Parkway area?

   A Yes, we did.
   Q Based on the information that you received from a citizen in the area, what individuals were you looking for?
   A We were looking for an individual named Lonnie House and an individual named *David Wingate.*
   Q After you received that information were you told where to find those two individuals?
   A Yes, we were.
   Q Where did you go after receiving the information?
   A We went to the area at Jeff Davis Hospital, a parking lot area.
   Q And based on what—the information that you received from this citizen in that area, what were you expecting to find?
   A We were expecting to find two black males looking in parking lots either attempting to steal or burglarize a motor vehicle. (Emphasis added).

Hearsay is defined as a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex.R.Crim.Evid. 801. An examination of the testimony reveals that Whitworth did not testify in a manner which falls directly within the definition of a hearsay statement, as the questions asked by the prosecutor and Whitworth's responses focus on his activities.

■ Williams correctly argues that it is error to admit the hearsay testimony of an informant before a jury (when probable cause is not raised before the jury). *Perez v. State*, 678 S.W.2d 85 (Tex.Crim.App. 1984); *Haynes v. State*, 567 S.W.2d 518 (Tex.Crim.App.1978). However, where the officer does not testify about what the informant told him, and restricts his testimony to a description of his actions, the testimony is not hearsay. *See Victoria v. State*, 522 S.W.2d 919 (Tex.Crim.App.1975). Even if the testimony had been inadmissible as hearsay, when the hearsay evidence does not identify or connect the accused to the information given by the informant, the error is not prejudicial. *Haynes v. State, supra; Maxon v. State*, 507 S.W.2d 234 (Tex.Crim.App.1974). The officer testified that he was "looking for an individual named Lonnie House and an individual named David Wingate." He did not testify that he was specifically looking for the accused, and his general statement that he was expecting to find two black males trying to steal a car is not individually prejudicial to Williams' defense. *Perez v. State, supra.*

■ Williams also contends that the trial court erred in overruling his objection to Officer Whitworth's testimony about the common use of vise grips to assist in stealing cars. Williams objected on the basis that the testimony was opinion and thus inadmissible.

A witness may testify about a fact if his knowledge of the fact was gained through personal observation, and he may state reasonable inferences to be drawn from that observation. *Wilson v. State*, 605 S.W.2d 284 (Tex.Crim.App.1980); *Southwick v. State*, 701 S.W.2d 927 (Tex.App.–Houston [1st Dist.] 1985, no pet.). Whitworth's testimony was clearly based on his own personal observations and experiences as a police officer. Such opinion testimony by a lay witness is clearly admissible. Tex.R. Crim.Evid. 701. Thus, no error is shown in its admission.

■ Williams next contends that the trial court erred in failing to grant a mistrial because of inflammatory, nonresponsive answers to his questions by Officer Whitworth. He argues that this constitutes a denial of his right to a fair trial. Williams specifically complains of four portions of Whitworth's testimony. He objected to three of the statements as being nonresponsive or inflammatory, but the trial court ruled in only one instance. Defense counsel has an obligation to be diligent in attempting to secure a ruling by the trial judge on his objection. *Armour v. State*, 606 S.W.2d 891 (Tex.Crim.App.1980); *Hanner v. State*, 572 S.W.2d 702 (Tex. Crim.App.1978). When an adverse ruling is not obtained on an objection, error is not preserved for review. *Darty v. State*, 709 S.W.2d 652 (Tex.Crim.App.1986). Thus, only one objection has been preserved for our examination. In this instance, the court sustained the objection. Counsel then requested a jury instruction (which was granted) and moved for mistrial (which was denied). In the complained-of testimony, Officer Whitworth testified:

Q During the time that you were following them after they left Jeff Davis what else did you see them do?

A Well, they were constantly looking in vehicles. They were canvassing parking lots is what they were doing. They were looking for a vehicle to steal or break into.

MR. THORNTON: Your Honor, I object to that. Objection as being nonresponsive.

THE COURT: Sustain the objection.

MR. THORNTON: I'm going to ask you to instruct the jury to disregard that response.

THE COURT: The Court instructs the jury not to consider the answer for any purpose.

MR. THORNTON: Your Honor, I move for a mistrial.

THE COURT: Denied.

The general rule is that any error in the admission of testimony is cured by an instruction to the jury to disregard except in extreme cases where the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. *Guzmon v. State*, 697 S.W.2d 404, 408 (Tex.Crim.App.1985), *cert. denied*, 475 U.S. 1090, 106 S.Ct. 1479, 89 L.Ed.2d 734 (1986). This testimony is not so inflammatory that the instruction was ineffective. We find no merit to this contention.

■■■ Williams contends in his final point of error that he was denied his constitutional right of confrontation because the trial court permitted a police officer to testify from his written report on cross-examination. Williams contends that his right to confrontation was violated when the trial court refused to permit him to question the witness about his independent recollection of the event and the suspect. The witness had previously stated that he had no independent recollection of the clothing worn by the defendant at the time of the arrest and had refreshed his memory from his report. Tex.R.Crim.Evid. 611 provides that a witness may use a writing to refresh his memory. The rule does not make clear whether the proponent must first establish the witness' lack of memory before the witness may examine the writing. H. Wendorf & D. Schluetter, *Texas Rules of Evidence Manual*, 132 (1983). Williams correctly points out that there is no requirement that a party must allow a witness to refresh his recollection by allowing him the opportunity to examine the writing. However, as the officer's testimony had clearly shown his lack of independent recall, we find no harm resulting from the court's action.

Williams contends in a pro se motion, which we construe as a brief, that he re-ceived ineffective assistance of counsel at trial. In reviewing this contention, we use the standard set forth by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. A defendant in a criminal case is entitled to reasonably effective assistance of counsel. Whether a defendant has received adequate assistance is to be judged by "the totality of the representation," rather than isolated acts or omissions of trial counsel. We apply the test as of the time of trial, and not through hindsight. *Wilkerson v. State*, 726 S.W.2d 542 (Tex.Crim.App.1986). Williams contends that his counsel acted improperly or incompetently in conferring with a prosecutor about a possible plea bargain, in failing to prepare any type of legal defense or argument before or during trial, in failing to make necessary objections at trial, and in failing to have a defendant's motion to dismiss counsel brought to the attention of the trial court.

■■■ The constitutional guarantee of right to counsel does not include the right to appointed counsel of defendant's choice. *United States v. Norris*, 780 F.2d 1207 (5th Cir.1986); *United States v. Magee*, 741 F.2d 93 (5th Cir.1984). For defense counsel to explore the possibility of a plea bargain and confer with the prosecutor cannot be considered improper, as this is part of the process of representation. Williams' attorney provided competent representation and a vigorous defense, and Williams has shown no harm as a result of his representation. Our review of the trial reflects that counsel effectively cross-examined the State's witnesses, and called two police officers as defense witnesses in an effort to discredit the version of the facts presented by the State. Counsel also conducted an extensive voir dire on the jury panel.

Although counsel failed to preserve error on some of his objections, this is not sufficient to render his assistance ineffective in light of the totality of his representation. *Ingham v. State*, 679 S.W.2d 503 (Tex. Crim.App.1984). Thus, we conclude that

Williams did receive reasonably effective assistance of counsel.

We affirm the judgment of the trial court.