NO. 07-01-0295-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 15, 2002

_____


KEVIN JEFFERY EVANS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 23RD DISTRICT COURT OF BRAZORIA COUNTY;

NO. 33,841; HONORABLE J. RAY GAYLE, III, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Kevin Jeffery Evans brings this appeal from his conviction for burglary of a habitation and his sentence, enhanced by prior convictions, of 30 years confinement in the Institutional Division of the Texas Department of Criminal Justice. He now presents six issues for our consideration. Finding no reversible error, we affirm.

The offense for which appellant was charged occurred in the early morning hours of September 6, 1997. Appellant was driving a vehicle in which Reginald Sedberry was a passenger. Appellant stopped by a home owned by Gayle Johnson. Sedberry walked up to the home and, after trying the door, broke a window and removed a television. A neighbor called the police and both appellant and Sedberry were arrested immediately.

In a November 1997 indictment, appellant was charged with burglary of a habitation, enhanced by five prior felony convictions. He pled not guilty and the case was tried to a jury in May 2001. After a verdict of guilty by the jury, he pled true to four of the enhancement paragraphs. He now presents six issues in challenge of that conviction. They are whether: 1) the trial court erred in allowing admission of his co-defendant's conviction; 2) it erred in failing to give the jury a limiting instruction concerning the co-defendant's conviction; 3) the court erred in failing to give an instruction on accomplice witnesses; 4) his post-arrest silence was used to create an inference of guilt; 5) the trial court erred in failing to give a complete instruction on reasonable doubt; and 6) he was denied effective assistance of counsel.

Appellant's first issue challenges the admission of the prior judgment of guilt against his accomplice, Sedberry, arising from the same transaction giving rise to appellant's prosecution. Sedberry's conviction was from a plea of guilty in a separate proceeding and he did not testify at appellant's trial. Arguing that because Sedberry did not testify, the State could not use the conviction as impeachment evidence, appellant objected on the

basis of relevance. The State responded that appellant's criminal responsibility was as a party to the offense and the conviction was relevant because it established that an offense had been committed.

On appeal, appellant concedes that the evidence "may have been relevant," but argues its probative value was substantially outweighed by the danger of unfair prejudice and confusion of the issues. *See* Tex. R. Evid. 403. This objection was not made to the trial court. *See* Tex. R. App. P. 33.1. The purpose of requiring a timely objection is to permit the trial court the opportunity to correct the error immediately and proceed with the trial. *Speth v. State*, 6 S.W.3d 530, 535 (Tex.Crim.App. 1999). Because his complaint on appeal differs from that made at trial, the complaint is waived. *See Colson v. State*, 848 S.W.2d 328, 332 (Tex.App.--Amarillo 1993, pet. ref'd).

Appellant also argues the court erred in admitting the evidence because it denied him his constitutional right of confrontation. In support he cites *McClure v. State*, 615 S.W.2d 757 (Tex.Crim.App. 1981), in which the court held it was error to admit testimony that another party to the charged offense was in prison at the time of McClure's trial. *Id.* at 760. *McClure* is distinguishable because the defendant in that case was not charged as a party, but was accused of committing the offense personally. Because appellant's liability was as a party, this case is governed by the holding in *Williams v. State,* 760 S.W.2d 292 (Tex.App.--Texarkana 1988, pet. ref'd), in which the court held evidence that a principal has been convicted of an underlying crime is admissible in a prosecution based

on the theory that the defendant was a party to that act. *Id.* at 295. We overrule appellant's first issue.

Appellant's second issue assigns error to the trial court's failure to give a limiting instruction on the evidence of Sedberry's conviction. In discussing appellant's objection, the court clarified, apparently before the jury, that the evidence was introduced for the limited purpose of establishing the criminal conduct by the principal actor, Sedberry. Appellant did not request a limiting instruction when the exhibit was introduced, nor did he request one be included in the jury charge. Therefore, any complaint has been waived. Tex. R. Evid. 105; Tex. R. App. P. 33.1. We overrule appellant's second issue.

In his third issue, appellant complains of the trial court's failure to give an accomplice witness instruction, even though the accomplice did not testify at trial. Although no complaint was made at trial, appellant argues the error was fundamental and requires reversal. Article 36.14 of the Code of Criminal Procedure provides:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of an offense.

Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon 1979). The Court of Criminal Appeals considered the meaning of the word "testimony" in this context in *Bingham v. State*, 913 S.W.2d 208 (Tex.Crim.App. 1995). The court held that the testimony in article 36.14 is limited to live witnesses speaking under oath in court. *Id.* at 210. Because the evidence

4

of Sedberry's conviction does not fall within this definition, the rule stated in article 36.14 does not apply and the trial court did not err in failing to give an accomplice witness instruction. We overrule appellant's third issue.

Appellant's fourth issue concerns the admission of evidence that he exercised his right to remain silent after being advised of his constitutional right to do so. He cites *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), which held the use of post-arrest silence to create an inference of guilt violates a defendant's fourth amendment right against self-incrimination. Here, however, there was no objection to the testimony that appellant declined to give a statement after being informed of his constitutional rights. Nevertheless, appellant argues that the error is fundamental and not subject to waiver. The Court of Criminal Appeals disagrees and so held in *Wheatfall v. State*, 882 S.W.2d 829 (Tex.Crim.App. 1994). In that case, the court held that the failure to object to evidence of post-arrest silence waives any error. *Id.* at 836. As we are obligated to follow the holdings of the Court of Criminal Appeals, we overrule appellant's fourth issue.

In his fifth issue, appellant complains of the trial court's failure to give the definition of reasonable doubt set out in *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App. 1991). That part of *Geesa* was overruled in *Paulson v. State*, 28 S.W.3d 570 (Tex.Crim.App. 2000). Under *Paulson,* no instruction on reasonable doubt is now required, but the inclusion of such an instruction would not be reversible error. *Id.* at 573. We overrule appellant's fifth issue.

In his sixth and final issue, appellant argues that he was denied reasonably effective assistance of counsel as guaranteed by the sixth amendment to the United States Constitution. The standard by which appellate review of the effectiveness of trial counsel is measured is that set out in the seminal case of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by our Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986). In order to show that trial counsel was ineffective, a claimant must establish two elements: 1) his counsel's performance was deficient; and 2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

The first component is met by showing that trial counsel made errors so significant that he was not functioning as the counsel guaranteed by the sixth amendment to the United States Constitution. *Id.* The second component necessitates a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, *i.e.*, a trial whose result is reliable. *Id.* A claimant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* In making our review, we must also bear in mind that there is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The defendant must prove that counsel's errors, judged by the totality of the representation, not by isolated instances of error or by only a portion of the trial, denied him a fair trial. *Id.* at 695.

6

Appellant cites five specific acts and omissions which he contends show trial counsel's performance was deficient. For the reasons stated above, many of these alleged deficiencies were not deficiencies at all. We discuss these items first. Appellant argues counsel was deficient in failing to object to evidence of Sedberry's conviction. As stated above, the holding in *Williams, supra*, illustrates why this evidence was not objectionable. Appellant also claims the evidence of Sedberry's conviction denied him the right to cross-examine witnesses against him. He cites *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1612, 20 L.Ed.2d 476 (1968), and cases following its holding, in support. The issues presented in *Bruton* are not present here. *Bruton* involved the trial of co-defendants where a non-testifying defendant's statement incriminating the other was introduced into evidence. That defendant's fifth amendment rights prevented the other defendant from calling him for cross-examination on the statement or commenting on his failure to testify. *Id.* at 124. Here, however, appellant and Sedberry were not co-defendants. Sedberry was tried separately and the judgment against him was not a statement incriminating appellant. An objection on the basis of appellant's right of confrontation would have been baseless.

Appellant also characterizes trial counsel's failure to seek an instruction on the accomplice witness rule. The holding in *Bingham*, *supra*, clearly established that appellant was not entitled to an accomplice witness instruction where the accomplice did not testify in person at the trial.

7

Appellant next complains of trial counsel's failure to obtain a limiting instruction on the purpose for which Sedberry's conviction could be considered. We initially note that the trial court stated before the jury that it was admitted for the purpose of establishing the offense to which appellant was a party. Trial counsel could have also decided not to seek a limiting instruction to avoid calling additional attention to that evidence to the jury. We cannot say this decision amounted to deficient performance.

We are left with appellant's complaint of counsel's failure to object to evidence of appellant's post-arrest silence. Even assuming this omission was deficient, appellant has not presented any authority in which a similar isolated error by trial counsel supported a finding that counsel was ineffective. Citing the rule that a defendant's right to reasonably effective assistance is not a right to error-free representation, the Fourteenth Court of Appeals found the failure to make a similar objection did not amount to ineffective assistance. *Cooks v. State*, 5 S.W.3d 292, 298 (Tex.App.--Houston [14th Dist.] 1999, no pet.). We find that holding applicable here and overrule appellant's sixth issue.

In summary, all of appellant's issues are overruled and there being no reversible error, we must, and hereby do, affirm the judgment of the trial court.


John T. Boyd
Chief Justice


Do not publish.


8