

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00083-CR
_____

JONATHAN WAYNE ATKINSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 26909

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

A Lamar County jury convicted Jonathan Wayne Atkinson of manufacture or delivery of more than four grams, but less than 200 grams, of methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (West 2017). In accord with the jury's verdict, the trial court sentenced Atkinson to fifteen years' imprisonment.

On appeal, Atkinson argues that he received ineffective assistance of counsel because (1) counsel did not lodge an objection to the laboratory report confirming that the substance found in Atkinson's possession was methamphetamine, (2) counsel did not request a hearing outside of the jury's presence to challenge the arresting officer's expert opinions, and (3) counsel did not object to the officer's expert opinions at trial. Because Atkinson cannot meet his burden to show that counsel rendered ineffective assistance from the silent record before us, we affirm the trial court's judgment.

## I. Factual and Procedural Background

At trial, Jeffrey Padier, an officer with the Paris Police Department Canine Unit, testified that he conducted a traffic stop of a vehicle Atkinson was driving after spotting an inoperable brake light. Padier stated that he immediately smelled marihuana as Atkinson opened the door and, during a search of the vehicle, uncovered a bag of marihuana, a methamphetamine pipe, several empty zip-lock bags used to package narcotics, "loaded bags . . . [f]ull of methamphetamine," a scale containing what appeared to be methamphetamine residue, $514.00, and three cell phones. After conducting a field test to determine that the substances found in the vehicle were, in fact, methamphetamine, Padier arrested Atkinson.

2

Without objection,[1] the State introduced a laboratory report authored by the Texas Department of Public Safety, which stated that analysis of one of the zip-lock bags revealed that it contained 5.45 grams of methamphetamine and that no analysis was conducted on three other bags containing a "crystalline material." The laboratory report was accompanied by a "Certificate of Analysis and Chain of Custody Affidavit" executed by Karen Collins, the forensic scientist in the Controlled Substances Section of the Crime Laboratory who conducted the test of the methamphetamine found in Atkinson's possession. In the affidavit, Collins set forth her educational and employment background in detail, explained why the training she had received qualified her to analyze the test results, and described the chain of custody of the test sample. Collins also stated that she used "[p]reliminary tests such as macroscopic examinations, color/odor tests, TLC, UV/Vis, and/or pharmaceutical identification; and confirmatory tests such as microscopic examination, FTIR spectrophotometry and/or GC mass spectrometry." Collins averred that these tests were reliable and that the results were correctly reflected by the laboratory report.[2]

Padier testified that based on his experience in law enforcement, he was able to discern "a user amount of methamphetamine" from "a dealer amount." He stated that the amount of methamphetamine found in the vehicle led him to conclude that Atkinson was "a low-level street dealer."

---

[1]The appellate record established that Atkinson's attorney agreed with the State to pre-admit all exhibits before trial, without objection.

[2]Padier also testified about the contents of the report, without objection, and the physical drugs were admitted for the jury's review.

During cross-examination, Padier stated that (1) the vehicle was borrowed from Deanna Pendergraff, (2) he recognized the passenger as someone who was known for possessing methamphetamine, (3) other methamphetamine not mentioned during direct examination was found in the front passenger floorboard, (4) two syringes containing methamphetamine were found on the passenger floorboard, (5) he had seen movements by both Atkinson and the passenger indicating they had placed the bag containing the methamphetamine on the driver's side floorboard of the back seat where it was found, (6) Atkinson told him the methamphetamine did not belong to him, (7) there was no evidence that Atkinson knew about the contents of the center console where the pipe, bags, and scale were found, and (8) he had previously arrested Atkinson for possessing only small amounts of methamphetamine.

Atkinson testified in his defense, stated that he had borrowed the car, and claimed that while the marihuana was his, he was unaware of the other illegal contents. He said that he was carrying a large amount of cash because he did not have a bank account. Atkinson testified that he had picked up the passenger, but did not state that the drugs belonged to her. The jury rejected Atkinson's testimony and found him guilty of the offense.

## II.    Standard of Review

"The applicant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence." *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011) (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). The right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Thus, to prevail on a claim of ineffective assistance of counsel, the defendant must satisfy

4

the two-pronged test set forth in *Strickland v. Washington*. 466 U.S. 668, 687–88 (1984); *see also*

*Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009). The first prong requires a showing

that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466

U.S. at 688. This requirement can be difficult to meet since there is "a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

The second *Strickland* prong, sometimes referred to as "the prejudice prong," requires a

showing that, but for counsel's unprofessional error, there is a reasonable probability that the result

of the proceeding would have been different. *Id.* at 694. "A reasonable probability" is defined as

"a probability sufficient to undermine confidence in the outcome." *Id*. Thus, in order to establish

prejudice,

> an applicant must show "that counsel's errors were so serious as to deprive
> defendant of a fair trial, a trial whose result was reliable." [*Strickland*, 466 U.S.] at
> 687 . . . . It is not sufficient for Applicant to show "that the errors had some
> conceivable effect on the outcome of the proceeding." *Id.* at 693 . . . . Rather, [he]
> must show that "there is a reasonable probability that, absent the errors, the
> factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695 . . . .

*Martinez*, 330 S.W.3d at 901.

A failure to make a showing under either prong defeats a claim for ineffective assistance.

*Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Additionally, the Texas Court

of Criminal Appeals has said that "[t]rial counsel 'should ordinarily be afforded an opportunity to

explain his actions' before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591,

593 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App.

2005)). Therefore, allegations of ineffectiveness "must 'be firmly founded in the record.'" *Bone*

*v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (quoting *Thompson*, 9 S.W.3d at 813).

"[T]he presumption of a sound trial strategy cannot be overcome absent evidence in the record of the attorney's reasons for his conduct." *Martinez*, 330 S.W.3d at 901 (quoting *Busby v. State*, 990 S.W.2d 263, 269 (Tex. Crim. App. 1999)). Thus, where an appellate record is silent as to why trial counsel failed to take certain actions, the appellant has "failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

The *Strickland* test "of necessity requires a case-by-case examination of the evidence." *Williams v. Taylor*, 529 U.S. 362, 382 (2000) (quoting *Wright v. West*, 505 U.S. 277, 308 (1992) (Kennedy, J., concurring in judgment)). We "must look to the totality of the representation, and its decision must be based on the facts of the particular case, viewed at the time of counsel's conduct so as to eliminate hindsight bias." *Martinez*, 330 S.W.3d at 901 (citing *Strickland*, 466 U.S. at 690). In all cases, the "ultimate focus of inquiry must be on the fundamental fairness of the proceeding." *Id.* (quoting *Strickland*, 466 U.S. at 696).

## III.  Ineffective Assistance of Counsel Was Not Shown

### A.  The Laboratory Report

In the first ground of his ineffective assistance argument, Atkinson argues that his counsel should have objected to the laboratory report as hearsay and should have argued that its admission violated the Confrontation Clause. Based on the Texas Supreme Court's resolution of this issue in *Menefield v. State*, 363 S.W.3d 591 (Tex. Crim. App. 2012), we conclude that Atkinson has failed to meet the first *Strickland* prong.

6

In *Menefield*, the laboratory "report was the only evidence of appellant's cocaine possession" and was admitted without the testimony of the "analyst who conducted the test and prepared the report." *Id.* at 592. The appellant argued that his counsel rendered ineffective assistance in failing to object to the admission of the testimonial report on the grounds that it violated the Confrontation Clause. *Id.* The Texas Supreme Court held that the appellant could not meet the first prong of the *Strickland* test on a silent record because "perhaps the State could (and with an objection would) have brought [the analyst] to the courtroom to testify, and counsel realized that cross-examining [him] would not benefit his client." *Id.* at 593. Because, as in *Menefield*, a silent record requires us to presume that counsel realized that the State would produce Collins if he had lodged any objection to her report, we conclude that Atkinson has failed to demonstrate that counsel's performance fell below an objective standard of reasonableness.

Moreover, Article 38.41 of the Texas Code of Criminal Procedure sets forth the requirements of a certificate of analysis and provides, "A certificate of analysis that complies with this article is admissible in evidence on behalf of the state or the defendant to establish the results of a laboratory analysis of physical evidence conducted by or for a law enforcement agency without the necessity of the analyst personally appearing in court." TEX. CODE CRIM. PROC. ANN. art. 38.41, § 1 (West 2018). Similarly, a properly presented chain-of-custody affidavit removes the "necessity of any person in the chain of custody personally appearing in court." TEX. CODE CRIM. PROC. ANN. art. 38.42, § 1 (West 2018).[3]

We overrule Atkinson's first point of error.

---

[3]Collins' affidavit was timely filed with the trial court.

## B.    Padier's Testimony

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion . . . if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." TEX. R. EVID. 702. Under Rule 705, an adverse party must "be permitted to examine the expert about the underlying facts or data" supporting an expert opinion "outside the jury's hearing." TEX. R. EVID. 705(b).

Atkinson argues that his counsel rendered ineffective assistance by failing to request a separate Rule 705 hearing to determine whether Padier's expert opinions were reliable. Specifically, Atkinson takes issue with Padier's opinions that (1) Atkinson created a dangerous situation when he opened the door of the vehicle before Padier had approached it; (2) based on his experience as to what amount of methamphetamine constituted a "user" versus "dealer" amount, Atkinson was dealer; (3) the amount of cash found on Atkinson's person suggested that he was a drug dealer; and (4) the cell phones found in the vehicle were likely burner phones, which are often used by drug dealers. Atkinson also argues that counsel was ineffective by failing to object to this testimony at trial.

"Both lay and expert witnesses can offer opinion testimony." *Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002) (concluding that officer's opinion that the substance found in the defendant's possession was marihuana constituted an opinion from a lay witness). "A witness can testify in the form of an opinion under Rule 701 if the opinions or inferences are (a) rationally based on his or her perceptions and (b) helpful to the clear understanding of the testimony or the

8

determination of a fact in issue." *Id.* (citing TEX. R. EVID. 701). "When a witness who is capable of being qualified as an expert testifies regarding events which he or she personally perceived, the evidence may be admissible as both Rule 701 opinion testimony and Rule 702 expert testimony." *Id.* at 536. "The personal experience and knowledge of a lay witness may establish that he or she is capable, without qualification as an expert, of expressing an opinion on a subject outside the realm of common knowledge." *Id.* at 537. "Thus, although police officers have training and experience, they are not precluded from offering lay testimony regarding events which they have personally observed." *Id.* at 536.

Padier, who had been a police officer for seven years, testified that he had received specialized narcotics training and was involved in many drug cases in the course of his career. "Police officers may testify, based upon their training and experience, that a defendant's actions are consistent with someone selling [drugs]." *Reece v. State*, 878 S.W.2d 320, 325 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (citing *Williams v. State*, 826 S.W.2d 783, 785 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd)); *see Williams v. State*, 760 S.W.2d 292, 296 (Tex. App.—Texarkana 1988, pet. ref'd) (officer's testimony about "the common use of vise grips to assist in stealing cars" was admissible under Rule 701 as lay opinion evidence based on officer's personal observations and experience as a police officer). Accordingly, officer testimony regarding the amount of drugs which differentiate a normal user from a seller is admissible under Rule 701. *Reece*, 878 S.W.2d at 324–25.

"The failure to object to admissible evidence is not ineffective assistance." *Burruss v. State*, 20 S.W.3d 179, 188 (Tex. App.—Texarkana 2000, pet. ref'd). Based on this silent record,

9

we conclude that counsel could have chosen not to request a Rule 705 hearing or object to Paider's testimony at trial because his opinions were admissible under Rule 701 as lay witness testimony gathered from Padier's personal observations from his training and experience as a police officer. Because the appellate record does not affirmatively demonstrate that defense counsel's performance fell below an objective standard of reasonableness, we overrule Atkinson's last two points of error.[4]

## IV.    Conclusion

We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:        November 8, 2018
Date Decided:          November 9, 2018

Publish

---

[4]Moreover, even assuming that some of Padier's testimony could properly be characterized as only expert opinion, in light of Padier's lay witness observations, the video recording of the arrest, and the laboratory report, Atkinson cannot demonstrate that prejudice resulted from any alleged ineffectiveness of counsel.