**Affirmed and Memorandum Opinion filed February 6, 2024.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑�˜

## NO. 14-22-00816-CR

**TRAVIS JAMES HARTFIELD III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

### On Appeal from the 506th Judicial District Court
### Waller County, Texas
### Trial Court Cause No. 21-10-17765

## MEMORANDUM OPINION

Appellant Travis James Hartfield III appeals his conviction for possession of a controlled substance with intent to deliver, namely methamphetamine, in an amount of four grams or more but less than 200 grams. *See* Tex. Health & Safety Code Ann. §§ 481.112(a), 481.102(6). He contends he received ineffective assistance of counsel because his defense counsel failed to make a pretrial objection to the admission of a certificate of analysis. We affirm.

## BACKGROUND

Police officers from the narcotics task force wanted to set up a controlled drug buy from Appellant because he was known in the community as a drug dealer. An officer enlisted Lucero, who was in jail for possession of a controlled substance, to perform the buy as a confidential informant. Lucero agreed to perform several drug buys to "work [his] charges off." Lucero was a drug addict who was familiar with Appellant and had purchased drugs from Appellant before. He contacted Appellant and arranged to buy an ounce of methamphetamine at Appellant's residence.

On August 5, 2020, officers searched Lucero, gave him money for the purchase, equipped him with a video and audio device, and instructed him to record the transaction. The recording does not show a transfer of drugs or money between Appellant and Lucero. However, Lucero returned within about 30 seconds of entering Appellant's residence with a bag containing methamphetamine and handed it over to an undercover police officer, who had taken Lucero to Appellant's residence. One of the officers field tested the substance in the bag, and it tested positive for methamphetamine. The substance was also tested at the Texas Department of Public Safety crime lab and was confirmed to be methamphetamine weighing 13.73 grams.

Appellant was indicted for possessing with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams. A jury trial was held in September 2022, and the jury found Appellant guilty as charged. After a punishment hearing on October 17, 2022, the trial court found Appellant had two prior felony offense convictions and assessed Appellant's punishment at 35 years' confinement. Appellant filed a timely notice of appeal.

2

## INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant argues that he was denied effective assistance of counsel because his defense counsel failed to object pretrial to the admission of a certificate of analysis establishing the results of the laboratory analysis of the drugs Lucero purchased from Appellant.

## I.     Standard of Review and Applicable Law

To prevail on a claim for ineffective assistance of counsel, an appellant must show that (1) his trial counsel's performance fell below the objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Failure to satisfy either prong of the *Strickland* test defeats an ineffective assistance claim. *Strickland*, 466 U.S. at 697; *Fernandez v. State*, 580 S.W.3d 470, 472 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

To satisfy the first prong, an appellant must prove by a preponderance of the evidence that his trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Lopez*, 343 S.W.3d at 142. We consider the totality of the circumstances to determine whether counsel was ineffective. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Fernandez*, 580 S.W.3d at 473. A trial counsel's performance is subject to a "highly deferential" review and there "is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). Therefore, any allegation of ineffective assistance must be firmly founded in the record. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012).

Direct appeal usually is an inadequate vehicle for raising an ineffective

assistance claim because the record generally is undeveloped. *Id.* at 592-93. "Trial counsel 'should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective.'" *Id.* at 593 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). "If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Id.* (quoting *Goodspeed*, 187 S.W.3d at 392).

To satisfy the second *Strickland* prong, an appellant must show a reasonable probability that, but for his trial counsel's deficient actions, the result of the proceeding would have been different. *Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013); *Lopez*, 343 S.W.3d at 142. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Nava*, 415 S.W.3d at 308; *Lopez*, 343 S.W.3d at 142.

Article 38.41, Section 1 states that a "certificate of analysis that complies with this article is admissible in evidence . . . to establish the results of a laboratory analysis of physical evidence conducted by or for a law enforcement agency without the necessity of the analyst personally appearing in court." Tex. Code Crim. Proc. Ann. art. 38.41, §1; *Williams v. State*, 585 S.W.3d 478, 482 (Tex. Crim. App. 2019). "Section 4, the notice-and-demand provision, requires the offering party to file the certificate with the trial court and provide a copy to the opposing party '[n]ot later than the 20th day before the trial begins.'" *Williams*, 585 S.W.3d at 482; *see* Tex. Code Crim. Proc. Ann. art. 38.41, § 4. But "[t]he certificate is not admissible under Section 1 if, not later than the 10th day before the trial begins, the opposing party files a written objection to the use of the certificate." Tex. Code Crim. Proc. Ann. art. 38.41, § 4; *Williams*, 585 S.W.3d at 482.

4

## II.    Application

Here, Appellant's trial counsel was not given an opportunity to explain his actions and no motion for new trial on ineffective assistance grounds was filed. Nonetheless, Appellant contends on appeal that his trial counsel was ineffective because he failed to make a pretrial objection to the use of the certificate of analysis establishing the results of the laboratory analysis at trial because the certificate was "the sole evidence" showing the substance Appellant was accused of selling to Lucero was methamphetamine.   However, following the court of criminal appeals' pronouncements in *Menefield*, we cannot conclude that Appellant met *Strickland*'s first prong and established that his trial counsel's performance was deficient.

In *Menefield*, the State introduced a laboratory report showing that the substance found in the defendant's pipe was cocaine.  *Menefield*, 363 S.W.3d at 592.  The laboratory report was the only evidence of the defendant's cocaine possession and was admitted without the testimony of the "analyst who conducted the test and prepared the report."  *Id*.  The defendant argued that his counsel rendered ineffective assistance in failing to object to the admission of the report on the grounds that it violated the Confrontation Clause.  *Id*.  The court of criminal appeals held that the defendant could not meet the first prong of the *Strickland* test on a silent record because the State could and with an objection would have brought the analyst to the courtroom to testify.  *See id*. at 593

As in *Menefield*, in this case there is no indication in the record why Appellant's trial counsel did not object to the admission of the certificate of analysis prior to trial.  Following *Menefield*, we presume that on a silent record it is possible that Appellant's trial counsel realized that had he objected, the State could and would have called the laboratory analyst, who tested the drugs Lucero

5

purchased, to testify at trial. *See id.* at 593; *Atkinson v. State*, 564 S.W.3d 907, 911-12 (Tex. App.—Texarkana 2018, no pet.) (concluding, based on *Menefield*, that because of a silent record, the appellate court is required "to presume counsel realized that the State would produce [the analyst] if he had lodged any objection to [the] report"); *Miles v. State*, No. 01-11-00401-CR, 2012 WL 2357449, at *2-4 (Tex. App.—Houston [1st Dist.] June 21, 2012, no pet.) (mem. op., not designated for publication) (same).

Additionally, even stipulating to the admissibility of evidence offered by the State is not devoid of trial strategy and cannot generally qualify as deficient performance on a record that is silent as to a trial counsel's reasoning. *See Roberts v. State*, No. 10-14-00048-CR, 2015 WL 128563, at *5 (Tex. App.—Waco, Jan. 8, 2015, pet. ref'd) (mem. op., not designated for publication) (holding that counsel's stipulation to the admissibility of lab reports verifying a substance as methamphetamine when the State's expert was unavailable to testify was not ineffective assistance without a record of counsel's reasons for doing so).

Further, we note that trial counsel's strategy here seemed to center around challenging confidential informant Lucero's credibility and showing that Lucero "tr[ied] to wrap up [Appellant] in a case . . . and get a benefit out of everything." Trial counsel zealously cross-examined Lucero, eliciting evidence that Lucero (1) had a number of convictions, including felony convictions; (2) is a drug addict; (3) did not record the drug buy as he was instructed by the police; and (4) did not fulfill the agreement he made with the State but claimed several times that he did. Trial counsel also elicited evidence that the photo of the bag containing drugs admitted at trial looked different than the bag Lucero bought from Appellant. He further elicited testimony from the investigating officer that the video recording does not show an actual transfer of drugs and money between Lucero and

Appellant. And trial counsel argued to the trial court that Appellant is entitled to an "instructed verdict of acquittal" because the State failed to sufficiently corroborate Lucero's testimony to prove its case.

The record before us does not firmly establish that trial counsel's performance was deficient. Because we conclude that Appellant failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness, we overrule Appellant's issue.

## CONCLUSION

We affirm the trial court's judgment.


/s/ Meagan Hassan
Justice



Panel consists of Chief Justice Christopher and Justices Bourliot and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).

7